UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff/respondent<br><br>v.<br><br>Lomando Mark Scott,<br><br>     Defendant/petitioner | 2:10-cr-00430-JAD-GWF<br><br>**Order Directing Response and Setting Briefing Schedule** |

    Federal prison inmate Lomando Mark Scott brings this § 2255 petition to challenge his 2010 federal conviction and sentence for possession of a controlled substance with intent to distribute, being a felon in possession of a firearm, and possessing a firearm during and in relation to a drug-trafficking crime for which he was sentenced to a total of 421 months in prison.[1]  Having reviewed Scott's petition and supporting documents under Rule 4 of the Rules governing § 2255 cases in the United States District Courts, I find that it warrants a response, so I issue this briefing schedule.

## Background

    Scott was indicted in August 2010 for possession with intent to distribute cocaine (two counts), being a felon in possession of a firearm, and possessing a firearm during and in relation to a drug-trafficking crime (one count each).[2]  The Federal Public Defender was appointed to represent Scott, who successfully moved to suppress the gun and drug evidence that was discovered during a warrantless search of Scott's car.[3]  But the government appealed that ruling and the Ninth Circuit Court of Appeals reversed, finding that the search of Scott's car was permissible under the

---

[1] ECF No. 173.

[2] ECF No. 1.

[3] ECF No. 43 (report and recommendation granting suppression motion); ECF No. 50 (order adopting report and recommendation and granting Scott's motion to suppress).

automobile-exception to the warrant requirement.[4] The government filed a superseding indictment adding an additional drug charge four months later.[5] One month after that, Scott proceeded to trial. A jury found Scott guilty on counts one, three, four, and five of the superseding indictment.[6] The district judge sentenced Scott to 421 months in prison: 121 on counts one, five (possession with intent to distribute) and three (felon in possession of a firearm) to run concurrently, followed by a mandatory consecutive 300-month sentence on count four (possession of a firearm during and in relation to a drug-trafficking crime).[7]

Scott appealed his conviction and sentence;[8] the Ninth Circuit Court of Appeals affirmed.[9] The United States Supreme Court denied cert on October 5, 2015,[10] and Scott filed this motion to vacate, set aside, or correct sentence nine months later.[11] The bulk of Scott's petition and supporting memorandum alleges that Scott received ineffective assistance from his trial and appellate counsel and that the evidence against him should have been suppressed as originally ordered by the district court. Though it plainly appears from the face of the petition and supporting documents that Scott is not entitled to relief on some of his claims—those seeking to re-litigate the appeal of his suppression motion, which are not cognizable on habeas review—it does not plainly appear that he is not entitled to relief on any of his IAC claims, especially given the expansive record in this case, which included a jury trial. I therefore order service of Scott's petition on respondents and issue a briefing schedule.

---

[4] ECF No. 80.

[5] ECF No. 107.

[6] ECF No. 137.

[7] ECF No. 155.

[8] ECF No. 156.

[9] ECF No. 168.

[10] ECF No. 169.

[11] ECF No. 173.

**Conclusion**

IT IS HEREBY ORDERED that respondents must respond to the petition by **February 15, 2017**. If respondents file and serve an answer, they must comply with Rule 5 of the Rules Governing Section 2255 Cases in the United States District Courts. Scott will then have 45 days from service of the answer to file a reply. If respondents file a motion, then the briefing schedule in Local Rule 7-2 will apply.

Dated this 16th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge