UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 2:10-cr-00430-JAD-GWF |
|---|---|
| Plaintiff/respondent | |
| v. | **Order Granting in Part and Denying in Part Motion re: Waiver of Attorney-Client Privilege** |
| Lomando Mark Scott, | |
| Defendant/petitioner | [ECF No. 180] |

Federal prison inmate Lomando Mark Scott brings this § 2255 petition to challenge his 2010 federal conviction and sentence for possession of a controlled substance with intent to distribute, being a felon in possession of a firearm, and possessing a firearm during and in relation to a crime of violence for which he was sentenced to a total of 421 months in prison. I reviewed Scott's petition and supporting documents under Rule 4 of the Rules governing § 2255 cases in the United States District Courts and directed the government to file a response by February 15, 2017.[1]

The bulk of Scott's petition and supporting memorandum alleges that he received ineffective assistance from his trial and appellate counsel. The government requests that I deem waived the attorney-client privilege as to confidential communications between Scott and his lawyers that are relevant to addressing his IAC claims, and that I extend the response deadline. The Ninth Circuit has held that, when a habeas petitioner raises an IAC claim, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer for purposes of litigating that claim.[2] I therefore grant the government's request to deem the attorney-client privileged waived in case no. 2:10-cr-00430-JAD-GWF for this limited purpose.

But I decline the government's second request to order Scott's defense counsel "to provide the government with affidavits or declarations, as well as any relevant materials and information,

---

[1] ECF No. 175.

[2] *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).

addressing the contentions [Scott] raises in his motion."[3]  It is the government's job to either request the information that it seeks be turned over voluntarily or to file a proper motion for leave to conduct discovery in which it shows good cause for its specific discovery requests.[4]  I decline to order these non-parties to essentially do the government's job to comb through Scott's petition and supporting allegations and address his contentions.

## Conclusion

Accordingly, it is hereby ordered that the government's motion **[ECF No. 180] is GRANTED in part and DENIED in part: I deem Scott's attorney-client privilege in case no. 2:10-cr-00430-JAD-GWF waived for purposes of responding to the IAC claims in this 2255 action.**

IT IS FURTHER ORDERED that the government must respond to the petition by **March 15, 2017.**  Scott will then have 45 days from service of the answer to file a reply.  If the government files a motion, then the briefing schedule in Local Rule 7-2 will apply.

Dated this 13th day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] ECF No. 180 at 3.

[4] *Bittaker*, 331 F.3d 715 at 728 ("In a habeas case, discovery under the Federal Rules of Civil Procedure is available if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.") (internal citation and quotation marks omitted).