# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:10-cr-00430-JAD-GWF |
| vs. | **ORDER** |
| LOMANDO MARK SCOTT, | |
|     Defendant. | |

This matter is before the Court on Defendant's Request for Legal Assistance (ECF No. 192), filed on April 5, 2017.

On November 19, 2015, the Court appointed Federal Public Defender, Rene Valladares, and Assistant Federal Public Defender, Nisha Brooks-Whittington, as counsel for Defendant for the purpose of determining whether he may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence in accordance with Amendment 782 and 18 U.S.C. § 3582(c)(2). On March 23, 2017, the Court granted Ms. Vallardes and Ms. Nisha Brooks-Whittington's Motion to Withdraw as Counsel due to a conflict of interest. *See* ECF No. 188. On March 27, 2017, the Court appointed Daniel J. Albregts as counsel for Defendant for the purpose of determining whether Defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence in accordance with Amendment 782 and 18 U.S.C. § 3582(c)(2).

Defendant requests representation regarding his Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See* ECF No. 173, 178. An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue relief. 18 U.S.C. § 3006(A)(2)(B). The Court has discretion to appoint counsel when the interest of justice so

requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *United States v. Botha*, 2014 WL 3366351, at *2 (D. Nev. July 7, 2014) (citing *Brown v. United States*, 623 F.2d 54, 61 (9th Cir.1980)).

Upon review, the Court finds that the appointment of counsel in regard to Defendant's Motions to Vacate under 28 U.S.C. § 2255 is not warranted. Defendant has demonstrated his ability to articulate his claims. Defendant, however, has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, the Court denies Defendant's Request for Legal Assistance (ECF No. 192). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Request for Legal Assistance (ECF No. 192) is **denied**.

DATED this 13th day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge