|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| United States of America, | Case No.: 2:10-cr-00430-JAD-GWF |
| Plaintiff/respondent | **Order denying petitioner's motion for leave to file a second 2255 petition and for appointment of counsel** |
| v. | |
| Lomando Mark Scott, | [ECF Nos. 206–07] |
| Defendant/petitioner | |

Lomando Mark Scott was convicted in 2013 of possession of a controlled substance with intent to distribute, being a felon in possession of a firearm, and possessing a firearm during and in relation to a drug-trafficking crime.[1] He received a 421-month sentence, which he later moved to vacate under 28 U.S.C. § 2255.[2] Scott argued, among other things, that he was denied effective appellate counsel because his attorneys did not cite *Johnson v. United States*, 135 S. Ct. 2551 (2015), in the section of his petition for certiorari challenging his § 924(c) conviction. I recently denied his motion in full and declined to issue him a certificate of appealability (COA).[3]

Scott now moves for leave "to file a second successive 2255 motion to the Ninth Circuit Court of Appeals."[4] If Scott is attempting to file a second § 2255 motion in this court, he must first obtain certification from the Ninth Circuit that his new motion is based on either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[1] ECF No. 155.
[2] ECF No. 173.
[3] ECF Nos. 202, 204–05.
[4] ECF No. 206.

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[5]

But it appears from Scott's cursory motion that, rather than raising a new basis of relief, he wants the Ninth Circuit to review my determination that *Johnson* is inapplicable to his § 924(c) conviction.[6] If that is the case, then Scott must seek a COA from the Ninth Circuit[7] and should familiarize himself with the applicable deadlines.[8] Either way, he must obtain the appropriate certification from the Ninth Circuit—not from this court.

**Conclusion**

IT IS THEREFORE ORDERED that Scott's motion for leave "to file a second successive 2255 motion to the Ninth Circuit Court of Appeals" **[ECF No. 206] is DENIED.**

IT IS FURTHER ORDERED that Scott's motion for appointment of counsel **[ECF No. 207] is DENIED as MOOT.**

Dated: November 5, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] 28 U.S.C. § 2255(h); *see also Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) ("The Antiterrorism and Effective Death Penalty Act ('AEDPA') 'imposes significant limitations on the power of federal courts to award relief to prisoners who file "second or successive" habeas petitions.'").

[6] ECF No. 206 ("[A]s of April 17, 2018[,] the Supreme Court has extended . . . [*Johnson v. United States*, 135 S. Ct. 2551 (2015)] and [*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)] beyond [the] ACCA in some 924c [sic] cases . . . .").

[7] *See* Rule 11(a) of Rules Governing Section 2255 Proceedings for the United States District Courts ("If the [district] court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate 22.").

[8] *See* Rule 11(b) of Rules Governing Section 2255 Proceedings for the United States District Courts; Ninth Circuit Rule 22-1 ("If the district court denies a COA as to all issues, petitioner may file a motion for a COA in the court of appeals within 35 days of the district court's entry of its order (1) denying a COA in full, or, (2) denying a timely filed post-judgment motion, whichever is later.").